## PRENTISS *v.* WEBSTER & CARPENTER.

The statute (S. L. 1840, p. 186, § 14,) allowing to certain officers therein named, one dollar per day "for attending on subpœna with bills, records, or other written evidence," does not apply to a justice of the peace in attendance with his docket.

In an action for damages occasioned by the defendant's non-attendance as a witness in obedience to a subpœna, the plaintiff is entitled to recover any damages immediately consequential upon such non-attendance: *e. g.* that occasioned by the postponement of the trial wherein the defendant was subpœnaed, in consequence of his failure to attend.

It ·is no answer to such an action that the court from which the subpœna issued, refused, on motion, to impose a fine upon the defendant for contempt in disobeying the subpœna, but accepted his excuse.

CASE reserved from Macomb Circuit Court. The cause came before that court on certiorari to a justice of the peace, before whom the suit was brought by Webster & Carpenter, against Prentiss, to recover damages for his neglect to attend as a witness on the trial, before a justice's court, of a cause wherein they were plaintiffs, and one Dryer was defendant. The declaration alleged that Prentiss was duly served with a subpœna *duces tecum*, commanding him to appear as a witness at said trial with the docket kept by him as a justice of the peace, and all the papers pertaining to a cause between the same parties before that time tried before him, and paying him his legal fees for one

half day's attendance and six cents for one mile's travel, in all thirty-one cents. To this declaration the defendant demurred, insisting that it did not show a legal service of the subpœna, and claiming that a tender of one dollar for a day's attendance was necessary to constitute such service under S. L. 1840, p. 186, § 14. The justice overruled the demurrer; whereupon, a plea of the general issue was filéd, and the cause proceeded to trial.

The only evidence adduced on the part of the plaintiffs below to show damage, was, that in consequence of the failure of Prentiss to attend as a witness in the cause wherein he was subpœnaed, the trial thereof was postponed for three days, and the plaintiffs were put to extra expense, and lost considerable time.

The defendant below proved in defence of the action, that the plaintiffs below moved the justice before whom the cause against Dryer was tried, to fine Prentiss for contempt in disobeying the subpœna, and that the justice refused to impose any such fine, but accepted his excuse for non-attendance.

A judgment was rendered against Prentiss in the court below for $11.50 damages, to reverse which he removed the cause to the circuit court, from which it was certified to this court, for its opinion upon the questions arising therein.

The errors assigned appear in the opinion of the Court.

*D. C. Walker,* for the plaintiff.

*W. F. Mitchell,* for the defendants.

FELCH, J. delivered the opinion of the Court.

1. It is insisted that the justice erred in overruling the demurrer to the declaration. The ordinary fees of a witness under the statute of 1840, (S. L. 1840, p. 186,) are alleged by the declaration to have been tendered; but the plaintiff in error contends that he was entitled to one dol-

lar for one day's attendance, under the provision of the same statute allowing this sum to "the secretary of state, auditor general, any clerk, register of deeds, county surveyor, or judge of probate, attending on subpœna with bills, records, or other evidence."* A justice of the peace is not expressly named in this provision of the statute, and we are clear that he cannot be brought under the designation of clerk, as is claimed by the plaintiff in error. True, he is required to keep a docket, but not as clerk. The statute nowhere designates him as a clerk, nor does it prescribe to him any duties as such.

2. It is alleged as error that the plaintiffs below did not show that they proceeded to the trial against Dryer without the attendance of Prentiss as a witness, with his docket, or that they became nonsuit in consequence of his neglect to attend. This was not necessary. The neglect of a witness, duly subpœnaed by proper service and tender of his fees, to attend in obedience to the subpœna, subjects him to an action on the case, at the suit of the party injured, to recover such damages as are immediately consequential upon his neglect. Such damages appear to have been proved in this case.

3. It is also contended that the judgment is erroneous, because the testimony given on the trial showed a reasonable excuse for the non-attendance of Prentiss, in obedience to the command of the subpœna.

No evidence of any fact or circumstance showing an excuse on the part of the plaintiff in error for not obeying the subpœna, appears by the return to have been given. It was shown, however, by the testimony of the justice who tried the cause in which the subpœna issued, that a motion was made therein, to fine Prentiss for non-attendance as a witness, and that the justice refused to impose

* Re-enacted by R. S. 1846, p. 648, § 10.

a fine, but accepted his excuse.   It is not even stated what that excuse was.

The proceedings to impose a fine were under sec. 49 of the justices' act of 1841, (S. L. 1841, p. 95,*) which gives to justices of the peace the power to punish for contempt in disobeying subpœnas, by fine, unless such contempt be purged by reasonable excuse therefor, and were purely of a criminal nature, and designed to punish the delinquent for disobeying the lawful command of the court ;—not to compensate the party injured ;—the fine imposed would not go to him when collected.

The present action is founded upon the following section of the same statute, which provides that the delinquent shall also be liable to the party in whose behalf he shall have been subpœnaed, for all damages which such party shall have sustained by reason of such non-appearance,† and was brought to recover compensation for a private injury which the defendants in error had suffered.   It would not have been barred by the imposition and payment of a fine under the previous section, for the contempt; nor would the excuse of such contempt by the justice, prevent the defendants in error from a trial of their rights in this suit.   It is true that the same facts might sometimes afford an excuse on a charge for contempt, and a defence in a suit for private damages, but the facts relied on should be shown in evidence in each case.   It can be no answer to the latter action, for the defendant to show that he succeeded in preventing the imposition of a fine under a charge for contempt.

It is therefore the opinion of this court that the judgment of the justice should be affirmed by the circuit court, with costs.

*Certified accordingly.*

* Re-enacted by R. S. 1846, p. 398, §§ 69, 70.
† Re-enacted by R. S. 1846, p. 398, § 93.